UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR BLANK,

   Plaintiff,

v.

CORIZON HEALTHCARE OF MICHIGAN,
KEITH PAPENDICK, TERRENCE
WHITEMAN, and CHARLES JAMSEN,

   Defendants.
_____/

Case No. 14-13235

Honorable Nancy G. Edmunds

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [37] AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [24]**

This matter comes before the Court on the Magistrate Judge's report and recommendation. (Dkt. 37.) The Magistrate Judge recommends granting Defendants' motion for summary judgment. (Dkt. 24.) Plaintiff filed objections to the report and recommendation and Defendants filed a response to the objections. (Dkt. 39, 40.) Having reviewed the record and conducted a de novo review of those parts of the report and recommendation to which specific objections have been filed, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation. Defendants' motion for summary judgment is therefore GRANTED and this case is DISMISSED.

**I. Background**

Plaintiff, a state prisoner, brings this pro se suit under 42 U.S.C. § 1983 alleging Defendants acted with deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. (Dkt. 6.) As alleged, Plaintiff has been diagnosed with several heart

conditions, including atrial fibrillation. (*Id.* at ¶ 2.) Plaintiff argues that by delaying and denying him permission to have an ablation procedure, Defendants have been deliberately indifferent to his serious medical need. (*Id.* at ¶ 56.)

## II. Analysis

To establish a claim of deliberate indifference, a plaintiff must show (1) the existence of a "sufficiently serious" medical need and (2) that the official being sued knew of and disregarded substantial risk to the plaintiff. *See, e.g.*, *Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994). Having assumed Plaintiff met the first prong, the Magistrate Judge concluded that "Plaintiff's disagreement with his doctors' decisions regarding the manner in which his heart condition was treated falls far short of deliberate indifference to his medical needs." (Dkt. 37, at 11.) Plaintiff makes four objections to the report and recommendation. The Court, having conducted a de novo review of the portions of the report and recommendation to which Plaintiff specifically objects pursuant to 28 U.S.C. § 636(b)(1), agrees with the Magistrate Judge's conclusion.

Plaintiff's first objection is without merit. The Magistrate Judge's decision to assume that Plaintiff's medical condition was sufficiently serious for purposes of the motion was not, as Plaintiff argues, an attempt to "trivialize Plaintiff's heart condition" in any way. (Dkt. 39, at 1-2.) Plaintiff's second objection appears to take issue with the Magistrate Judge's finding that the complaint "acknowledges that [Plaintiff's] claim is one based on a disagreement with the method of treatment." (*Id.* at 2-3.) This objection also fails. The complaint states that Defendants "provid[ed] some measure of care" and further details all the care Plaintiff received since his symptoms started in 2013. (Dkt. 6, at ¶¶ 2-55.) As such, the Court agrees with the Magistrate Judge's conclusion that, as acknowledged in his

complaint, Plaintiff's claim is based on a disagreement with the method of treatment, rather than a complete denial of medical care.

Plaintiff, in his third and fourth objections, takes issue with the Magistrate Judge's conclusion that "Plaintiff's allegations alone show that he was given extraordinarily prompt and thorough medical care, his requests were catered to on nearly every occasion, and that the only medical treatment he desired but did not receive was the ablation." (Dkt. 39, at 4-5.) Plaintiff further objects to the conclusion that "[n]one of Plaintiff's many doctors recommended ablation other than, as Plaintiff alleged, a Doctor Ricky Coleman who was not one of Plaintiff's treating physicians." (*Id.*) While Plaintiff alleges multiple physicians discussed the possibility of ablation or recommended that Plaintiff be evaluated for an ablation, the Court agrees with the Magistrate Judge's conclusion that the only doctor who allegedly recommended Plaintiff have the procedure was Dr. Coleman. (*See, e.g.*, Dkt. 6, at ¶ 27.) Moreover, the Court agrees with the Magistrate Judge that, even viewing the facts in the light most favorable to Plaintiff, Plaintiff received a significant amount of medical care since the alleged symptoms began in 2013. By this Court's count, the amended complaint alone alleges Plaintiff was seen, evaluated, or treated by nearly twenty physicians (primarily cardiologists), received a variety of testing and procedures, and was prescribed several medications. (Dkt. 6, at ¶¶ 4-47.) When a prisoner has received treatment but disputes the adequacy of the treatment, as the report and recommendation notes, courts are "reluctant to second guess medical judgments." (Dkt. 37, at 5.) While Plaintiff is correct that "prison officials may not entirely insulate themselves from liability under § 1983 simply by providing some measure of treatment" (Dkt. 39, at 14), the Court agrees with the Magistrate Judge that the treatment here, as alleged by Plaintiff, falls far short of a constitutional violation.

Finally, in his recently-filed letter, Plaintiff contends he was not served with a copy of Defendants' responses to his objections. While the Court agrees Plaintiff should have been timely served a copy of the responses,[1] the Court DENIES Plaintiff's requests for sanctions against Defendants and leave to amend his objections "due to counsel's failure to serve" him with their responses.[2]

### III. Conclusion

For the above-stated reasons, the Court hereby OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation. It is further ordered that Defendants' motion for summary judgment is GRANTED and the case is hereby DISMISSED.

SO ORDERED.

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 22, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 22, 2016, by electronic and/or ordinary mail.

S/Carol J. Bethel
Case Manager

---

[1] According to Defendants' recently-filed letter, Defendants mistakenly served Plaintiff's previous address and have now provided copies to Plaintiff's correct address. (Dkt. 42.)

[2] Though Plaintiff states he has "obtained documents that were not available to him at the time his objections were due," he gives no indication as to what those documents show nor how they would aid the Court in its review.